UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE F. ALDRIDGE, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DAVE DORMIRE, )<br>)<br>Respondent. ) | Case No. 4:06-CV-1641 (CEJ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On January 4, 2010, Judge Blanton issued a Report and Recommendation, recommending that the petition of George F. Aldridge, Jr., for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. Judge Blanton concluded that petitioner's claims were procedurally defaulted and, even if properly preserved for habeas review, were without merit. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determinations of the portions of the report and the specified findings or recommendations to which objection is made.

I. **Background**

On December 13, 2002, a jury in Madison County, Missouri found petitioner guilty of three counts of first-degree statutory sodomy. On February 20, 2003, the trial court found that petitioner was a prior offender and sentenced him to three consecutive terms of life imprisonment. The Missouri Court of Appeals summarily affirmed the conviction and sentence, State v. Aldridge, 128 S.W.3d 528 (Mo. Ct. App.

2003), and the denial of post-conviction relief, Aldridge v. State, 190 S.W.3d 520 (Mo. Ct. App. 2006). Petitioner's motion to recall the mandate, filed pursuant to Rule 91, Mo. Sup. Ct. R., was denied.

II. **Legal Standard**

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from

[Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

### III. Discussion

In his petition, petitioner asserts sixteen claims for relief: In claims 1 through 3, petitioner asserts trial court error arising from the charging documents; claims 4 through 14 allege ineffective assistance of trial and appellate counsel; and claims 15 and 16 challenge proceedings before the post-conviction court. Petitioner objects to Judge Blanton's recommendations with respect to Grounds 1, 2, 3, 4, 5, and 8.[1]

On April 27, 2001, petitioner was charged in a felony complaint with committing the felony of statutory sodomy in January 2001 (Count I), February 2001 (Count II), March 2001 (Count III), and April 2001 (Count IV). At the preliminary hearing on July 5, 2002, the court dismissed Count III without prejudice after finding no probable cause. On July 8, 2002, a felony information was filed, charging petitioner with three counts of statutory sodomy, all occurring in January 2001. On November 21, 2002, the trial court granted the state's motion for leave to file an amended information that charged petitioner with three counts of statutory sodomy occurring in "January or February of 2001" (Count I), March 2001 (Count II), and April 2001 (Count III). The case proceeded to trial on the amended information, without objection from petitioner.

Petitioner asserts several claims of error arising from the charging process. He complains that Count I of the amended information is duplicitous (Ground 1) and that

---

[1] Petitioner also objects to Judge Blanton's determination that the claims are procedurally defaulted. Because the Court concludes that petitioner's claims fail on the merits, the procedural default analysis will not be addressed.

-3-

he was entitled to a jury instruction that cured the duplicity (Ground 3). He also complains that the trial court lacked jurisdiction over the charge in Count II because the same charge had been dismissed for lack of probable cause. (Ground 2). He also asserts four claims of ineffective assistance of trial and appellate counsel in connection with the charging documents. (Grounds 4, 5, 8, and 9).

"Duplicity" in a charging document is the joining of two or more distinct and separate offenses in a single count. United States v. Moore, 184 F.3d 790, 793 (8th Cir. 1999). Count I of the amended information charged that petitioner committed an act of statutory sodomy in January or February, 2001. Contrary to petitioner's assertion, he was not charged with multiple offenses in a single count; Count I charged only a single offense, and no curative jury instruction was required.

Count III of the criminal complaint charged petitioner with committing an offense in March 2001. That charge was dismissed without prejudice for lack of probable cause. The State recharged petitioner with committing the offense, which it was entitled to do. Petitioner failed to object to the amended information and did not seek another probable cause determination. Contrary to his assertion, the trial court did not lack jurisdiction over the offense. See United States v. Cotton, 535 U.S. 625, 630-31 (2002) (indictment defects are not jurisdictional). Because there is no basis for relief arising from the charging process in this case, petitioner cannot establish that trial and appellate counsel provided ineffective assistance.

Following *de novo* review, the Court concludes that petitioner has failed to establish that he is entitled to habeas corpus relief pursuant to 28 U.S.C. § 2254.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton [Doc. #26] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of George F. Aldridge, Jr., for a writ of habeas corpus [#1] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability.  See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2010.